■ 1537 ASSOCIATES, Appellant, v TEMLEX INDUSTRIES, INC., Respondent, et al., Defendants.—Order and judgment (one paper), Supreme Court, New York County (Amos Bowman, J.), entered July 14, 1986, which granted the motion of defendant Temlex Industries, Inc. for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment, modified, on the law, the defendant Temlex's motion for summary judgment is denied, and the complaint is reinstated, and, as modified, otherwise affirmed, without costs.

Defendant-respondent tenant Temlex Industries, Inc. rents the eleventh floor, approximately 7,000 square feet of space, in the premises located at 15 West 37th Street in Manhattan from plaintiff-appellant landlord 1537 Associates for $26,000 per annum. In this action for ejectment against the tenant and alleged sublesses, Fantasia Accessories, Inc., Robert International, Inc., and John Doe and Richard Roe, who occupy the subject premises, the landlord also seeks as damages, *inter alia,* half of the excess rent or profit on the alleged sublease calculated on a pro rata basis under paragraph 41 II (d) of the lease, or the value of the use and occupancy of the sublet areas. Paragraphs 11 and 41 of the written loft lease between the parties require the tenant to request and obtain the landlord's prior written consent in order to sublet all or any portion of the premises. These paragraphs further grant the landlord certain options, including the option to elect to require the tenant to sublease to the landlord any portion of the demised premises the tenant proposed to sublet, or to cancel the lease if the tenant proposes to sublet the entire premises. Paragraph 41 II (d) states: "If Landlord shall fail to exercise any of the elections granted to it * * * and if Tenant should sublet all or a portion of the demised premises for a rental in excess of the sum of annual rental stipulated herein and additional rent arising hereunder, then Tenant shall pay to Landlord as additional rent 50% of such excess amount. In computing such excess amount appropriate pro rata adjustment shall be made with respect to a subletting at less than all of the demised premises."

Paragraph 17 of the lease provides: "If the tenant defaults in fulfilling any of the covenants of this lease other than the covenants for the payment of rent or additional rent * * * upon landlord serving a written five (5) days notice upon tenant specifying the nature of said default and upon the expiration of said five (5) days, if Tenant shall have failed to comply with or remedy such default * * * then Landlord may serve a written three (3) days notice of cancellation of this

lease upon Tenant, and upon the expiration of said three (3) days, the lease and the term thereunder shall end and expire".

The defendants answered and moved to dismiss the complaint asserting the affirmative defenses of failure to state a cause of action, waiver, and failure to serve a five-day notice to cure as a prerequisite to commencing the action. Temlex submitted the affidavit of its president, Mitchell Gemal, who averred that the notice to cure required in the lease had not been received. He also stated that the landlord had waived the right to enforce termination of the lease based upon the alleged sublet to Robert International, Inc., a wholly owned subsidiary of the tenant, because the landlord knew that the alleged sublessee's name had been posted on the building directory for years. The record also contains Temlex's answer to plaintiff's interrogatories, which indicates that there was an oral agreement between the parties concerning the sublet to Robert International, the name of which was, at the request of one Mark Gemal, placed on the building directory.

The landlord cross-moved for summary judgment on liability and a trial on damages in reliance, *inter alia,* upon the affidavit of David Mizrahi, the president of Fantasia Accessories, Inc. Mizrahi averred that his company had sublet an average of approximately 1,500 square feet of space per month for storage purposes from Temlex between March 1984 and December 1985, for the total sum of $22,000. Annexed to Mizrahi's affidavit was a schedule of rental checks paid to Temlex. In addition, the landlord submitted the affidavit of Steven Levy, an executor of its joint venture partner, which stated that Temlex never requested permission in writing to sublet any portion of the eleventh floor, that Temlex sublet to defendant Fantasia without the landlord's knowledge and consent, that the landlord learned about the sublet to Fantasia on or about January 10, 1986, and that the value of the use and occupancy of the areas sublet by Temlex greatly exceeded the rental rate paid by Temlex under its lease.

In an action for ejectment, now properly called an action to recover the possession of real property (RPAPL art 6), damages may be recovered for withholding of such property, including rents and profits or the value of the use and occupancy of the property. (RPAPL 601.) We cannot agree with Special Term's conclusion that the landlord's failure to serve a notice to cure pursuant to paragraph 17 of the lease bars the present action. In our view, summary judgment was improvidently granted to the tenant. Although the complaint only

specifies a single cause of action for ejectment, it is sufficient to state a cause of action for the value of the use and occupancy of the sublet areas or damages under paragraph 41 of the lease which clearly provides for the payment of additional rent if the landlord fails to exercise its options concerning a proposed sublease. *(Rae v Sutbros Realty Corp.,* 6 AD2d 716, *amended* 6 AD2d 718 [2d Dept 1958], *affd* 6 NY2d 963 [1959].) Paragraph 17 of the lease requires no notice concerning default in fulfilling the covenants for payment of additional rent.

We agree with the tenant that the cause of action for recovery of possession of the premises and related damages is logically inconsistent with the landlord's cause of action for damages based upon ratification of the alleged subleases, and that the landlord must make an election of remedies prior to trial. Since the complaint alleges that the sublets were discovered on or about January 10, 1986, and that on or about January 14, 1986, written notice was caused to be served on Temlex declaring the lease terminated, it adequately states a cause of action for recovery of possession of the premises. Triable issues of fact precluding summary judgment are presented as to whether the letter dated January 14, 1986 suffices in the circumstances to serve as a notice to cure or whether a notice was not required because the tenant's alleged default and wrongful course of conduct constituted an incurable breach. *(See, Ocean Farragut Assocs. v Sawyer,* 119 Misc 2d 712, 715 [Civ Ct, Kings County 1983]; *National Shoes v Annex Camera & Elecs.,* 114 Misc 2d 751 [Civ Ct, NY County 1982].)

This does not appear to be the exceptional case described in *Alleyne v Townsley* (110 AD2d 674 [2d Dept 1985]), where notice is unnecessary as a matter of law because the tenant is wrongfully holding over after the expiration of a fixed and definite term. The landlord's contention that a cause of action for recovery of possession accrued against Temlex as a holdover tenant on March 1, 1985, the effective date of the alleged sublease to Fantasia, seems to overlook the limited nature of the right of reentry reserved under the lease. The lease only entitled the landlord to become a subtenant as to any portions of the premises the tenant proposed to sublet. This court has no equitable power to revive the landlord's right to cancel the lease, since such right only would have arisen had the tenant proposed to sublet the entire premises. *Alleyne v Townsley (supra),* which involved residential property, is also factually distinguishable because, insofar as the memorandum decision

indicates, there was no lease provision requiring service of a notice to cure.

Finally, we conclude that Special Term properly denied the landlord's cross motion for summary judgment as to liability and a trial on damages. Triable issues of fact are presented as to the sufficiency and necessity of notice, as discussed *supra,* as to whether, in respect to the alleged sublease to Robert International, Inc., the landlord is entitled to damages and whether the landlord waived any right to seek recovery of possession either by accepting the rent with knowledge of the violation without attempting to terminate the lease *(Lee v Wright,* 108 AD2d 678, 680 [1st Dept 1985]), or by acceding to Temlex's request to place the name of Robert International, Inc. on the building directory. Concur—Kupferman, J. P., Ross, Kassal, Rosenberger and Wallach, JJ.