STEPHANIE GALLAGHER et al., Appellants, v RAFAEL V. ROMAN, Defendant, and JULIO REYES, Respondent. [872 NYS2d 182]—

In a consolidated action, inter alia, to recover damages for breach of contract and to recover possession of real property, which was jointly tried with a related action, among other things, to set aside a transfer of real property as a fraudulent conveyance under the Debtor and Creditor Law, Stephanie Gallagher and Charles Gallagher, the plaintiffs in the actions, appeal from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered August 14, 2007, as granted that branch of the motion of the defendant Julio Reyes which was, in effect, pursuant to CPLR 4404 (a) to set aside that portion of the jury verdict which failed to award Julio Reyes the value of the use and occupancy of the subject premises by Stephanie Gallagher and Charles Gallagher for the period beginning September 13, 2003, and ordered a new trial on the issue of the amount due for use and occupancy for the period beginning September 13, 2003.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Stephanie Gallagher and Charles Gallagher, as tenants, entered into a lease with Rafael Roman, as landlord, which gave the Gallaghers a right of first refusal in the event that Roman desired to sell the subject property. The lease provided that the monthly rent would be $3,000 during the two-year lease term, which expired on September 13, 2003. The lease contained a renewal option, pursuant to which the monthly rent for the third year would be $3,500 and the monthly rent for the fourth year would be $4,000.

On November 8, 2001, Roman transferred the subject property to his nephew, Julio Reyes, allegedly for the purpose of avoiding Roman's creditors. The Gallaghers refused to sign a renewal lease, and commenced an action against Roman, inter alia, to recover damages for breach of contract and breach of the implied warranty of habitability. The Gallaghers also commenced an action against Roman and Reyes to set aside the allegedly fraudulent conveyance between them pursuant to the Debtor and Creditor Law. Reyes commenced a holdover proceeding against the Gallaghers, seeking, inter alia, the value of the Gallaghers' use and occupancy of the subject property from September 13, 2003, to the present, and that proceeding was removed to the Supreme Court and consolidated with the Gallaghers' action against Roman.

The Gallaghers' two actions were jointly tried, and the jury returned a verdict finding, inter alia, that the conveyance of the property from Roman to Reyes was fraudulent and that Reyes was not entitled to any award for the value of the Gallaghers' use and occupancy of the subject premises. The Supreme Court, among other things, granted that branch of Reyes's posttrial motion which was, in effect, pursuant to CPLR 4404 (a) to set aside that portion of the jury verdict which failed to award him the value of the Gallaghers' use and occupancy of the subject premises, and ordered a new trial on the issue of the amount due for use and occupancy for the period beginning September 13, 2003. The Gallaghers appeal.

A jury verdict may be set aside as against the weight of the evidence if "the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence" (*Torres v Esaian*, 5 AD3d 670, 671 [2004]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). Here, as an initial matter, the fraudulent nature of the November 2001 conveyance rendered it voidable, not void ab initio (*see Blinn v Schwarz*, 177 NY 252, 259-260 [1904]; *Anderson v Roberts*, 18 Johns 515 [1820]; *Harris v Osnowitz*, 35 App Div 594 [1898]; *In re Hirsch*, 339 BR 18, 29 [2006]). On that basis, the Supreme Court correctly concluded that, from November 8, 2001, until the entry of a judgment setting aside the conveyance, Reyes was the record owner and landlord of the subject property, and therefore was entitled to the value of the Gallaghers' use and occupancy of the property during that period (*see* Real Property Law §§ 220, 223). Contrary to the Gallaghers' contention, a finding that the value of their use and occupancy was zero is completely unsupported by the evidence presented at trial. Ac-

cordingly, the jury's verdict, insofar as it failed to award Reyes the value of the Gallaghers' use and occupancy of the subject property, could not have been reached on any fair interpretation of the evidence, and the Supreme Court properly, in effect, set aside that portion of the verdict as against the weight of the evidence. Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur.