■ FOOT LOCKER, INC., Appellant, v OMNI FUNDING CORP. OF AMERICA, Respondent. [911 NYS2d 344]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered November 4, 2009, which, upon granting plaintiff's motion to reargue an earlier order, adhered to its prior determination denying plaintiff summary judgment, unanimously affirmed, with costs. Appeal from the prior order (same court and Justice), entered June 24, 2009, unanimously dismissed, without costs, as superseded by the appeal from the later order.

Defendant leased photocopiers to plaintiff for a period of 48 months pursuant to an equipment lease that would automatically renew for an additional 12 months if plaintiff failed to provide timely notice of cancellation and return the equipment at the end of the lease term to a place designated by defendant. The other relevant provisions of the lease, including its notice provision, provide as follows:

"CONDITION; USE; LOCATION; RETURN . . . Unless otherwise agreed in writing, on termination or expiration of the Term, Lessee will immediately return the Equipment to Lessor in as good condition as received, less normal wear and tear, to any place in the United States Lessor designates. Lessee will prepay expenses of crating and shipping by means Lessor designates and will insure the Equipment being shipped for its full replacement value. . . .

"TITLE; RECORDING; NOTICES Lessor shall hold title to the Equipment. Lessee will keep the Equipment free and clear from any levy, attachment . . . Unless otherwise provided, the parties agree that this transaction shall be a true lease . . . The equipment is and will remain personal property no matter what its use or attachment to realty, but Lessee will not let it be attached to realty in any way that might cause it to become part of such realty. Lessee shall pay Lessor's fees for lease documentation and processing and for any governmental filings. All notices shall be given in writing and shall be effective when deposited in the U.S. mail, addressed to a party at its address shown on the front page of this Lease or at any other address such party specifies in writing, with first class postage prepaid."

Although the just quoted general notice provision appears to apply to all notices required by the lease, the lease specifically requires written notice in certain circumstances (e.g., paragraph

11, requiring written notice of breach of the clear title provision, and paragraph 14, requiring the lessee to advise the lessor in writing of any loss within 10 days). In other circumstances, however, there is no such specific requirement (e.g., paragraph 12, providing that in the event of a breach, the lessee must cure the breach within 10 days after notice but not specifying that the notice must be in writing). The provision requiring the lessee to prepay expenses of "crating and shipping by means lessor designates" does not specifically require written notification, nor does it say that a "designation" is a notice. This appeal turns on how this provision should be interpreted.

Plaintiff timely provided written notice of cancellation but failed timely to return the equipment to defendant. Plaintiff ascribes that omission to defendant's refusal to provide written instructions on how properly to crate and ship the equipment, despite several requests for such instructions. Defendant insists that it complied with the lease by providing an oral instruction to use a private trucking company and that when plaintiff failed to return the copiers in a timely fashion, the automatic renewal provision was triggered.

The notice provision can reasonably be interpreted, as it is by plaintiff, to require written instructions for crating and shipping the copiers, but defendant's interpretation is also reasonable. A contract is ambiguous if "reasonably susceptible of more than one interpretation" (*Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]; *see also Federal Ins. Co. v Americas Ins. Co.*, 258 AD2d 39, 43 [1999] [in situations where "internal inconsistencies in a contract point() to (an) ambiguity, extrinsic evidence is admissible to determine the parties' intent"]). As parol evidence is necessary to interpret the contract, summary judgment is not warranted. Concur—Gonzalez, P.J., Saxe, Nardelli, McGuire and Moskowitz, JJ.