■ LIBERTY EQUITY RESTORATION CORPORATION, Respondent, v PIL SOUNG PARK, Defendant/Third-Party Plaintiff-Appellant. FRANK LOPRIORE et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. In the Matter of PIL SOUNG PARK, Appellant, v LIBERTY EQUITY RESTORATION CORPORATION, Respondent, et al., Respondents. [11 NYS3d 213]—

In a consolidated action, inter alia, to recover damages for breach of contract, and summary holdover proceeding, the defendant/third-party plaintiff/petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated August 28, 2013, as denied those branches of his motion which were for summary judgment awarding him possession of the subject premises and for summary judgment awarding him the value of the use and occupancy of the subject premises as of August 1, 2012, as against the plaintiff/respondent, Liberty Equity Restoration Corporation, and the third-party defendants Frank LoPriore, Jamil Naber, and Pascal Naber.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant/third-party plaintiff/petitioner which were for summary judgment awarding him possession of the subject premises and for summary judgment awarding him the value of the use and occupancy of the subject premises as of August 1, 2012, as against the plaintiff/respondent, Liberty Equity Restoration Corporation, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the defendant/third-party plaintiff/petitioner by the plaintiff/respondent, Liberty Equity Restoration Corporation, and the matter is remitted to the Supreme Court, Westchester County, to determine an appropriate award for the value of use and occupancy of the subject premises, owed to the defendant/third-party plaintiff/petitioner by the plaintiff/respondent, Liberty Equity Restoration Corporation, in accordance herewith.

The appellant, who owns a home located in Bronxville, entered into a contract with Liberty Equity Restoration Corporation (hereinafter Liberty Equity) for the sale of the home. The appellant and Liberty Equity contemporaneously entered into a lease agreement, granting Liberty Equity the right, as tenant, to occupy the subject premises for a one-year term ending on July 31, 2012.

Liberty Equity commenced this action against the appellant to recover damages for breach of the contract of sale. Based on the expiration of the lease term, the appellant commenced a summary holdover proceeding in the City of Yonkers Justice Court against Liberty Equity. The holdover proceeding was removed from the City of Yonkers Justice Court and consolidated with the instant plenary action. The appellant also commenced a third-party action against, among others, Frank LoPriore, the president of Liberty Equity, and Jamil Naber and

Pascal Naber, to whom the appellant alleges the subject premises were subleased by Liberty Equity. Prior to discovery, the appellant moved, inter alia, for summary judgment awarding him possession of the subject premises and for summary judgment awarding him the value of the use and occupancy of the subject premises as of August 1, 2012, as against Liberty Equity and those third-party defendants. The Supreme Court denied the motion.

The appellant demonstrated his prima facie entitlement to judgment as a matter of law awarding him possession of the subject premises as against Liberty Equity by establishing that Liberty Equity occupied the subject premises after the expiration of the lease (*see* RPAPL 711 [1]; *Pinecrest Natl. Funding, LLC v Aatlas-B Props., Inc.*, 68 AD3d 833, 834 [2009]). Liberty Equity failed to raise a triable issue of fact in opposition.

Additionally, the appellant established his prima facie entitlement to an award of the value of the use and occupancy of the subject premises as against Liberty Equity, from the date of expiration of the lease, through the date on which the property is vacated by Liberty Equity and/or its licensees or members (*see* Real Property Law § 220; *Magen David of Union Sq. v 3 W. 16th St., LLC*, 89 AD3d 24, 34 [2011]; *Gallagher v Roman*, 58 AD3d 800, 801-802 [2009]; *Chock Full O'Nuts Corp. v NRP LLC I*, 47 AD3d 189, 195-196 [2007]). Liberty Equity failed to raise a triable issue of fact in opposition. However, issues of fact exist as to the appropriate amount to be awarded to the appellant for the value of Liberty Equity's use and occupancy of the subject premises after expiration of the lease. Accordingly, we remit the matter for such a determination.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.