Liberty Equity Restoration Corp. v Pil Soung Park (2018 NY Slip Op 02318)





Liberty Equity Restoration Corp. v Pil Soung Park


2018 NY Slip Op 02318


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-00539
 (Index No. 69828/12)

[*1]Liberty Equity Restoration Corporation, plaintiff- respondent,
v Pil Soung Park, appellant; Marissa LoPriore, as administrator of the estate of Frank LoPriore, et al., third-party defendants-respondents.


Tilem & Associates, P.C., White Plains, NY (Peter H. Tilem of counsel), for appellant.
John A. Tartaglia III, Port Chester, NY, for plaintiff-respondent and third-party defendants-respondents.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant third-party plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Orazio R. Bellantoni, J.), dated December 23, 2015, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint and, in effect, denied those branches of his cross motion which were for summary judgment on his third-party cause of action to recover the value of the use and occupancy of the subject premises for a period beginning August 1, 2012, and for summary judgment on the issue of the damages owed to him by the plaintiff and the third-party defendants.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the complaint, and substituting therefor a provision denying that branch of the motion, (2) by adding thereto a provision searching the record and awarding the defendant third-party plaintiff summary judgment dismissing the complaint, and (3) by deleting the provision thereof, in effect, denying that branch of the cross motion of the defendant third-party plaintiff which was for summary judgment his third-party cause of action to recover the value of the use and occupancy of the subject premises for a period beginning August 1, 2012, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant third-party plaintiff payable by the respondents, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings to determine the amount of damages owed by the plaintiff and the third-party defendants to the defendant third-party plaintiff in accordance herewith.
In 2007, the defendant third-party plaintiff (hereinafter the defendant) purchased, using financing, a residential property located in Yonkers. On August 1, 2011, the defendant entered into a lease agreement with the plaintiff, Liberty Equity Restoration Corporation (hereinafter Liberty [*2]Equity), granting Liberty Equity the right, as tenant, to occupy the subject premises for a one-year term ending on July 31, 2012. The amount of the monthly rent in the form lease was left blank. The third-party defendant Frank LoPriore was the president and principal of Liberty Equity. On March 28, 2012, the defendant entered into a contract to sell the property to Liberty Equity for the sum of $25,000. On April 16, 2012, the defendant executed a power of attorney authorizing Frank LoPriore to act as his agent with respect to real estate transactions, as well as claims and litigation. By letter dated July 30, 2012, the defendant gave notice to Liberty Equity that he was cancelling the contract of sale, and requested that Liberty Equity vacate the premises immediately.
On November 29, 2012, Liberty Equity commenced this action in the Supreme Court, Westchester County, against the defendant for specific performance of the contract of sale or, in the alternative, to recover damages for breach of the contract of sale. The defendant answered and asserted counterclaims, inter alia, to recover the value of Liberty Equity's use and occupancy of the premises from the expiration of the lease until the conclusion of the matter. In addition, the defendant commenced a third-party action against Frank LoPriore, Jamil Naber, and Pascal Naber, inter alia, to recover the value of their use and occupancy of the premises. The defendant also commenced a holdover proceeding against Liberty Equity in the Yonkers City Court. The proceeding was removed from the Yonkers City Court and consolidated with the action pending in the Supreme Court.
The defendant moved, inter alia, against Liberty Equity for summary judgment awarding him possession of the subject premises and for summary judgment awarding him the value of the use and occupancy of the premises as of August 1, 2012. In an order dated August 28, 2013, the Supreme Court denied the defendant's motion. On appeal, in a decision and order dated June 10, 2015, this Court modified the order dated August 28, 2013, concluding that the defendant was entitled to summary judgment awarding him possession of the subject premises and the value of the use and occupancy of the subject premises as of August 1, 2012, as against Liberty Equity (see Liberty Equity Restoration Corp. v Pil Soung Park, 129 AD3d 787, 788). However, concluding that issues of fact existed as to "the value of Liberty Equity's use and occupancy of the subject premises," this Court remitted the matter to the Supreme Court, Westchester County, to determine the amount of damages owed to the defendant by Liberty Equity (id. at 788-789). Upon remittitur, the Supreme Court did not conduct proceedings to determine the amount of damages owed to the defendant by Liberty Equity.
By notice of motion dated September 3, 2015, Liberty Equity moved for summary judgment on its complaint seeking specific performance of the contract of sale or, in the alternative, damages for breach of contract. The defendant opposed the motion and cross-moved, inter alia, for summary judgment on his third-party cause of action against Frank LoPriore, Jamil Naber, and Pascal Naber to recover the value of their use and occupancy of the premises. The defendant also moved for summary judgment on the issue of damages against Liberty Equity, Frank LoPriore, Jamil Naber, and Pascal Naber, contending that he was entitled to use and occupancy in the amount of $4,000 per month. In an order dated December 23, 2015, the Supreme Court, inter alia, granted summary judgment to Liberty Equity on its causes of action for specific performance of the contract of sale and alleging breach of contract. The court also, in effect, denied the defendant's cross motion. The defendant appeals. Frank LoPriore died while this appeal was pending, and Marissa LoPriore, as administrator of his estate, was substituted in his place.
Liberty Equity failed to establish its prima facie entitlement to judgment as a matter of law on its causes of action for specific performance of the contract of sale and alleging breach of contract. The essential elements of a breach of contract cause of action are "the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages" (JP Morgan Chase v J.H. Elec. of N.Y., Inc., 69 AD3d 802, 803; see Elisa Dreier Reporting Corp. v Global NAPS Networks, Inc., 84 AD3d 122, 127). "To prevail on a cause of action for specific performance of a contract for the sale of real property, a . . . purchaser must establish that it substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the vendor was able to convey the property, and that there was no adequate remedy at law" (1107 Putnam, LLC v Beulah Church of God in Christ Jesus of the [*3]Apostolic Faith, Inc., 152 AD3d 474, 475; see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 490; Cipriano v Glen Cove Lodge #1458, B.P.O.E., 1 NY3d 53, 62).
Here, the evidence submitted by Liberty Equity in support of its motion established that Liberty Equity failed to perform its obligations under the parties' agreements. During his deposition, Frank LoPriore acknowledged that there were oral agreements between the parties that governed the contract of sale, the lease, and the power of attorney, and that either he, an entity he controlled, or an investor was required to pay off the defendant's mortgage as part of the transaction. According to Frank LoPriore, the defendant's mortgage was going to be "resolved" under the parties' agreement such that the defendant would not be responsible for paying the mortgage after the closing. However, Frank LoPriore testified that he was unable to arrange for the payoff of the mortgage. Frank LoPriore also testified that the defendant gave him a power of attorney for the purpose of negotiating with the holder of the defendant's mortgage, but he never successfully made contact with the mortgage holder. Under these circumstances, parol evidence and the parties' course of dealing were admissible to supplement and interpret the terms of the parties' agreements (see Hicks v Bush, 10 NY2d 488, 491-494; see also Foot Locker, Inc. v Omni Funding Corp. of Am., 78 AD3d 513, 515). Since Liberty Equity failed to establish that it performed its obligations under the parties' agreements, that branch of its motion which was for summary judgment on its complaint alleging breach of contract and seeking specific performance should have been denied, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Moreover, this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (see CPLR 3212[b]; Arista Real Estate Holdings, Inc. v Kemalettin, 133 AD3d 696, 697-698). Since Frank LoPriore's deposition testimony conclusively establishes that Liberty Equity failed to perform its obligations under the parties' agreements, we search the record and award summary judgment to the defendant dismissing Liberty Equity's complaint alleging breach of contract and seeking specific performance.
The defendant established his prima facie entitlement to judgment as a matter of law on his third-party cause of action against Frank LoPriore, Jamil Naber, and Pascal Naber to recover the value of their use and occupancy of the premises. Frank LoPriore testified at his deposition that he subleased the property to Jamil Naber and Pascal Naber and that they resided on the property for over two years (see Real Property Law § 220; Magen David of Union Sq. v 3 W. 16th St., LLC, 89 AD3d 24, 34; Gallagher v Roman, 58 AD3d 800, 801-802; Chock Full O'Nuts Corp. v NRP LLC I, 47 AD3d 189, 195-196). In opposition, Frank LoPriore, Jamil Naber, and Pascal Naber failed to raise a triable issue of fact.
Since issues of fact remain as to the value of the use and occupancy of the premises during the relevant time period, i.e., from the date the lease expired through the date on which the property was vacated, and since the Supreme Court did not conduct proceedings to determine the amount of damages owed to the defendant by Liberty Equity, as directed by this Court in the prior decision and order (see Liberty Equity Restoration Corp. v Pil Soung Park, 129 AD3d at 788-789), the matter must be remitted to the Supreme Court for a determination of the value of the use and occupancy owed by Liberty Equity, Jamil Naber, Pascal Naber, and the estate of Frank LoPriore to the defendant (see id. at 788; Lelekakis v Kamamis, 41 AD3d 662, 665).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court