## Providence Constr. Corp. v Silverite Constr. Co. Inc.

2024 NY Slip Op 31980(U)

June 7, 2024

Supreme Court, New York County

Docket Number: Index No. 650967/2019

Judge: Arthur F. Engoron

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARTHUR F. ENGORON**                     PART                          37

*Justice*

----------------------------------------------------------------X

PROVIDENCE CONSTRUCTION CORP.,

                        Plaintiff,

              - v -

SILVERITE CONSTRUCTION COMPANY INC., FIDELITY
AND DEPOSIT COMPANY OF MARYLAND, ZURICH
AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL
INSURANCE COMPANY,

                       Defendants.

----------------------------------------------------------------X

SILVERITE CONSTRUCTION COMPANY INC.,

               Third-Party Plaintiff,

          -against-

WESTCHESTER FIRE INSURANCE COMPANY,

              Third-Party Defendant.

----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650967/2019 |
| MOTION DATE | 09/25/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595311/2019

The following e-filed documents, listed by NYSCEF document number (Motion 002) 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129

were read on this motion for                   SUMMARY JUDGMENT          .

Upon the foregoing documents, and after oral argument on May 13, 2024, and for the reasons stated hereinbelow, plaintiff's motion, pursuant to CPLR 3212, for summary judgment is denied.

Background

On October 13, 2010, non-party the New York City Transit Authority ("NYCTA") entered a contract with defendant/third-party plaintiff, Silverite Construction Company Inc. ("Silverite"), to serve as the general contractor to construct the Mother Clara Hale Bus Depot, at 721 Lenox Avenue, New York, New York (the "Project"). NYSCEF Doc. No. 78. The Project was "design-build," meaning Silverite was responsible for "all work, design, labor, materials" to complete the Project. NYSCEF Doc. Nos. 78.

On April 23, 2012, defendant subcontracted plaintiff, Providence Construction Corp. ("Providence"), to conduct masonry work on the Project (the "Subcontract"). NYSCEF Doc.

[* 1]

No. 66. Pursuant to the Subcontract, Providence was to lay 120,682 square feet of "regular concrete masonry units" ("CMU"), at a cost of $41.00 per square foot and 70,795 square feet of "glazed CMU," at a cost of $30.25 per square foot for the Project. NYSCEF Doc. No. 66. The Subcontract states that Providence would lay total of 191,447 square feet of combined CMU at a "Total Lump Sum Price" of $6,553,225.50. NYSCEF Doc. No. 66.

The Subcontract also, twice, stated that the "Lump Sum Price is subject to add or delete quantities based on [the above quoted unit prices]." NYSCEF Doc. No. 66. Additionally, Rider "A" to the Subcontract includes a clause that "All items noted above that contain unit quantities are subject to change up or down contingent upon actual job quantities. The payment of such overages or shortages will be made in direct accordance with the specifications to which the Contractor and Subcontractor are bound." Id.

Providence is a Minority-Owned Business Entity ("MBE"), and Silverite, as part of its proposed minority- and woman-owned business employment utilization plan, told the NYCTA that it would be using Providence for 3.06% of the Project's work, and would pay them $6,553,221.00. NYSCEF Doc. No. 86. Pursuant to 5 NYCRR 142.6, if "a contractor changes its utilization plan after submission, it shall be required to notify the State agency in writing of such change and obtain approval from the State agency." Providence alleges that Silverite never sought any such approval.

On March 29, 2013, Silverite approved change orders totaling $555,648.80, resulting in an adjusted Subcontract price of $7,108,873.80. NYSCEF Doc. No. 55.

Between May 24, 2012, and September 20, 2013, Providence worked on the Project. NYSCEF Doc. No. 72.

Providence tracked the materials delivered to the project, hours worked, and square feet of blocks installed. NYSCEF Doc. No. 59. As of the last entry on Providence's record, Providence laid a total of 198,243 square feet of combined CMU, 5,726 more square feet than originally contracted for. NYSCEF Doc. No. 59. Neither Providence nor Silverite "gave or proposed a change order" for those additional CMUs. NYSCEF Doc. No. 55.

Contemporaneously, Silverite maintained records of the amount of CMU laid at the Project. NYSCEF Doc. No. 102. Noticing a discrepancy between their numbers and Providence's, Silverite contracted with non-party CAD BLOX, LLC ("CAD BLOX") to ascertain how much CMU Providence laid. NYSCEF Doc. No. 55. CAD BLOX then used proprietary 3-D imaging technology to conduct a "forensic analysis" of the masonry quantities used in the Project. NYSCEF Doc. No. 103. CAD BLOX determined that Providence laid a total of 172,414 square feet of CMU, 19,033 fewer than originally contracted for. NYSCEF Doc. No. 103.

Between June 2012 and August 2013, Providence sent Silverite fifteen monthly payment applications for the work performed. NYSCEF Doc. No. 62. Silverite approved and paid the first twelve payment applications, for a total of $5,968,592.01. NYSCEF Doc. No. 55. Silverite did not approve the final three payment applications, withholding a total of $1,140,281.79. NYSCEF Doc. No. 55.

650967/2019 PROVIDENCE CONSTRUCTION CORP. vs. SILVERITE CONSTRUCTION
Motion No. 002

Page 2 of 5

Procedural History

In December 2013 nonparty Anchor Concrete Products, Inc. commenced an action that included as defendants all of the parties in the instant action, under Index No. 161231/2013 (the "Anchor Action").

On August 20, 2018, after extensive document discovery, the Anchor Action was discontinued without prejudice pursuant to a stipulation. Index No. 161231/2013 NYSCEF Doc. No. 33. As part of that stipulation the parties agreed to re-file within six months, absent Anchor, and to waive, extend, and not plead any statute of limitations defenses. Id.

On February 14, 2019, Providence sued defendants, Silverite, Fidelity and Deposit Company of Maryland ("Fidelity"), Zurich Insurance Company ("Zurich"), and Liberty Mutual Insurance Company ("Liberty") (collectively, "Silverite Sureties"), asserting four causes of action: (1) breach of subcontract against Silverite in the amount of $1,140,222.12, plus interest from September 30, 2013; (2) repayment of material payment bond against all defendants, jointly and severally, in the amount of $1,140,222.12, plus interest from September 30, 2013; (3) foreclosure of a bonded mechanic's lien against Silverite, Zurich, and Liberty, jointly and severally, in the amount of $1,140,222.12, plus interest from September 30, 2013; and (4) interest, pursuant to State Finance Law § 139-f(2) and General Business Law § 756-b(1)(b), beginning seven days after Silverite received payment from the MTA on each requisition at the rate of 1% per month. NYSCEF Doc. No. 71.

On April 15, 2019, Silverite filed an answer denying Providence's allegations and asserting eleven affirmative defenses, and one counterclaim, for $500,000. Silverite asserts, inter alia, that Providence's overbilling, failure to perform its work properly, performing defective work, and failure to pay its obligations damaged Silverite. NYSCEF Doc. No. 72. The same day, Silverite filed a third-party summons and complaint against third-party defendant, Westchester Fire Insurance Company ("Westchester"), asserting that Silverite is a proper claimant, obligee, and beneficiary of certain Westchester bonds. NYSCEF Doc. No. 72.

On September 25, 2023, Providence and Westchester moved, pursuant to CPLR 3212, for: summary judgment granting the complaint; summary judgment dismissing Silverite's counterclaim; partial summary judgment on Silverite's liability for Providence's costs and legal fees; and summary judgment dismissing the third-party complaint. NYSCEF Doc. No. 54.

Providence argues that the Subcontract was a lump sum contract based on the language "Lump Sum Price" found in the contract, and therefore Silverite had no right to renege on the full amount of the deal. Providence opines that Silverite mismanaged its initial contract with NYCTA, that Silverite did not receive enough money from the agency to pay for the project fully, and so Silverite attempted to pass on some of its losses to Providence. Providence also denies all allegations of overbilling, failure to perform its work properly, and failure to pay its obligations. NYSCEF Doc. No. 57.

In opposition, Silverite argues that the Subcontract was not a lump sum contract, rather that the quantities and the total price listed in the contract were merely projections subject to addition or

650967/2019  PROVIDENCE CONSTRUCTION CORP. vs. SILVERITE CONSTRUCTION
Motion No. 002

Page 3 of 5

[* 3]

subtraction based on how much CMU Providence actually laid. Therefore, Silverite argues, it only owes Providence for the quantity of CMU that was actually laid and, relying on CAD BLOX's computer model, asserts Providence was only entitled to a prorated sum of $5,968,592.01. NYSCEF Doc. No. 101. Silverite focuses on the contract language stating that prices are "subject to add or delete quantities" and "are subject to change up or down contingent upon actual job quantities." NYSCEF Doc. No. 101. Silverite also introduces evidence of various communications to support its allegations of Providence's overbilling, failure to perform its work properly, and performing defective work. NYSCEF Doc. Nos. 123, 115-20.

In reply, Providence argues that the evidence that Silverite submits is unreliable and inadmissible. NYSCEF Doc. No. 124. Providence also argues that Silverite never sought written approval to change its MBE utilization plan, as required by 5 NYCRR 142.6(i), and that the Subcontract must have been a lump sum contract because modifications to the cost in MBE contracts are prohibited by law without prior notice to and consent of NYCTA. NYSCEF Doc. No. 126. Providence also denies the allegations Silverite asserts in its counterclaim. NYSCEF Doc. No. 124.

Discussion

To obtain summary judgment, the "movant must establish its defense or cause of action sufficiently to warrant a court's directing judgment in its favor as a matter of law. The party opposing the motion, on the other hand, must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which the opposing claim rests' [M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient' for this purpose." Gilbert Frank Corp. v Fed. Ins. Co., 70 NY2d 966, 967 (1988) (internal citations omitted).

Here, Silverite, has presented three material questions of fact that are sufficient to require a trial.

The first material question of fact is the nature of the Subcontract. Providence is correct in indicating that the Subcontract repeatedly uses the phrase "lump sum." Additionally, Providence's argument that the Subcontract must have been a lump sum contract based on the MBE utilization plan is plausible. However, Silverite introduces a sufficient level of ambiguity to the equation when citing contract language that dictates that "unit quantities are subject to change up or down" and therefore "[the price] is subject to add or delete quantities." In a traditional lump sum contract, the price would remain fixed no matter the quantity of goods or services provided, but here the seeming permissibility of price fluctuations based on quantity of CMU laid is sufficient to create ambiguity. A contract term is ambiguous if it is "reasonably susceptible of more than one interpretation." Foot Locker, Inc. v Omni Funding Corp. of Am., 78 AD3d 513 (1st Dept 2010) citing Chimart Assoc. v Paul, 66 NY2d 570, 573 (1986). Interpretation of ambiguous contracts is a question of fact that may bar summary judgment. Navillus Tile, Inc. v Turner Const. Co., 2 AD3d 209 (1st Dept 2003) citing Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169 (1973).

650967/2019 PROVIDENCE CONSTRUCTION CORP. vs. SILVERITE CONSTRUCTION
Motion No. 002

Page 4 of 5

4 of 5

The second material question of fact is the quantity of CMU laid. If the Subcontract is not for a lump sum, Providence should only be paid for the work performed. Providence has submitted evidence that they laid over 198,243 square feet of combined CMU, and Silverite has submitted evidence that Providence laid only 172,414 square feet of combined CMU. That discrepancy is sufficient to create a material question of fact.

The third material question of fact arises from Silverite's counterclaims against Providence. Although Providence denies allegations of overbilling, failure to properly perform its work, performing defective work, and failure to pay its obligations to vendors, Silverite has introduced evidence to support each of these allegations. NYSCEF Doc. No. 123. Whether any or all of the actions set out by these allegations actually occurred is sufficient to create a material question of fact.

This Court has considered movants' other arguments and finds them to be unavailing and/or non-dispositive.

Conclusion
Therefore, because there are material issues of fact, the instant motion for summary judgment is denied.

Finally, if all the parties feel that this acrimonious dispute might be well-served by a further settlement conference, a call to the Court at 646-386-3222 will get the ball rolling.

**HON. ARTHUR F. ENGORON**

| | | |
|---|---|---|
| _____6/7/2024_____ | **JUN 07 2024** | _____ |
| DATE | | ARTHUR F. ENGORON, J.S.C. |

CHECK ONE:

| | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | GRANTED | X DENIED | | GRANTED IN PART | OTHER |

APPLICATION:  □ SETTLE ORDER   □ SUBMIT ORDER

CHECK IF APPROPRIATE:  □ INCLUDES TRANSFER/REASSIGN   □ FIDUCIARY APPOINTMENT   □ REFERENCE

**650967/2019  PROVIDENCE CONSTRUCTION CORP. vs. SILVERITE CONSTRUCTION**
**Motion No. 002**

Page 5 of 5

5 of 5