Esposito v Larig (2025 NY Slip Op 04704)

Esposito v Larig

2025 NY Slip Op 04704

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-02440
 (Index No. 517226/16)

[*1]Tina Esposito, appellant,
v
Sophronia Larig, etc., et al., respondents.

Cornicello, Tendler & Baumel-Cornicello, LLP, New York, NY (Susan Baumel-Cornicello of counsel), for appellant.
Wenig Saltiel LLP, New York, NY (Dan M. Blumenthal of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for ejectment and to recover damages for use and occupancy, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 29, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's cross-motion which were to hold the defendants in civil contempt for failing to comply with so much of a decision and order of this Court dated July 10, 2019, as granted those branches of the plaintiff's cross-motion which were for an award of prospective use and occupancy pendente lite and, in effect, for the posting of an undertaking by the defendants for the amount of past use and occupancy, for summary judgment on the second, third, fourth, and fifth causes of action, or, alternatively, pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order dated November 29, 2022, is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's cross-motion which was for summary judgment on the second cause of action to the extent of awarding the plaintiff the value of use and occupancy pursuant to Real Property Law § 220 at a rate of $2,490 per month from October 1, 2010, to November 29, 2022, and substituting therefor a provision granting that branch of the cross-motion to that extent; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment reflecting the value of use and occupancy pursuant to Real Property Law § 220 at a rate of $2,490 per month from October 1, 2010, to November 29, 2022.
The plaintiff is the owner of an apartment building located in Brooklyn. In August 2005, the defendants leased the first-floor apartment of the building from the plaintiff pursuant to a one-year, nonregulated market lease. The defendants held over after the expiration of the lease term and ceased paying rent as of July 31, 2006. In a holdover proceeding commenced by the plaintiff against the defendants to recover possession of the apartment in August 2011 (hereinafter the 2011 proceeding), the Housing Part of the Civil Court of the City of New York, Kings County (hereinafter the Housing Court), dismissed the petition, determining, inter alia, that the defendants were entitled to a rent-stabilized lease but finding that there was insufficient evidence to determine the legal regulated rent.
In September 2016, the plaintiff commenced this action against the defendants, asserting causes of action for a determination of the amount of the rent (first cause of action), for an [*2]award of use and occupancy pursuant to Real Property Law § 220 (second cause of action), for ejectment (third cause of action), to recover damages for use and occupancy and for an award of attorneys' fees pursuant to Real Property Actions and Proceedings Law § 601 (fourth cause of action), and for an award of legal fees and costs pursuant to the parties' original lease (fifth cause of action).
On a prior appeal, in a decision and order dated July 10, 2019 (hereinafter the 2019 decision), this Court, among other things, determined that the Supreme Court improvidently exercised its discretion by, in effect, denying those branches of the plaintiff's cross-motion which were for an award of prospective use and occupancy pendente lite and, in effect, for the posting of an undertaking by the defendants for the amount of past use and occupancy (see Esposito v Larig, 174 AD3d 574, 576). This Court remitted the matter to the Supreme Court "for a determination of the appropriate monthly rent to be applied pendente lite, as well as for the determination of the amount of a reasonable undertaking to be posted by the defendants as security for their potential liability for past use and occupancy of the subject apartment" (id.).
On March 19, 2021, the New York State Division of Housing and Community Renewal (hereinafter the DHCR) set the initial legal regulated rent for the apartment at a rate of $2,490 per month and directed the plaintiff to offer the defendants a rent-stabilized lease and to register the apartment with the DHCR. In an order dated April 29, 2022, after a hearing before the Supreme Court upon stipulated facts, a referee determined that the amount of prospective use and occupancy pendente lite to be paid by the defendants to the plaintiff was $2,490 per month and directed the defendants to post an undertaking in the sum of $346,110 for past use and occupancy (see Esposito v Larig, _____ AD3d _____ [Appellate Division Docket No. 2022-04843; decided herewith]). At the hearing, the plaintiff sought the value of use and occupancy from October 1, 2010.
In January 2022, the defendants moved for summary judgment dismissing the second, third, fourth, and fifth causes of action and on their counterclaim for legal fees pursuant to Real Property Law § 234. The plaintiff cross-moved, inter alia, to hold the defendants in civil contempt for failing to comply with so much of the 2019 decision as granted those branches of the plaintiff's cross-motion which were for an award of prospective use and occupancy pendente lite and, in effect, for the posting of an undertaking by the defendants for the amount of past use and occupancy, and for summary judgment on the second, third, fourth, and fifth causes of action, or, alternatively, pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action for a judgment declaring that a lease that the plaintiff produced is compliant with the Rent Stabilization Law. In an order dated November 29, 2022, the Supreme Court, among other things, denied those branches of the plaintiff's cross-motion. The plaintiff appeals.
A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court (see Perrone v Perrone, 229 AD3d 816, 817). To prevail on a motion to hold a party in civil contempt, the movant must establish by clear and convincing evidence that the party to be held in contempt violated a lawful and clear mandate of the court of which that party had knowledge and that such violation resulted in prejudice to the movant's rights (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Keneally, Lynch & Bak, LLP v Salvi, 231 AD3d 1137, 1139). Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross-motion which was to hold the defendants in civil contempt for failing to comply with so much of the 2019 decision as granted those branches of the plaintiff's cross-motion which were for an award of prospective use and occupancy pendente lite and, in effect, for the posting of an undertaking by the defendants for the amount of past use and occupancy (see Perrone v Perrone, 229 AD3d at 817). The plaintiff failed to establish by clear and convincing evidence that the defendants violated a lawful and clear mandate of the court.
However, contrary to the Supreme Court's determination, the plaintiff demonstrated her prima facie entitlement to judgment as a matter of law on her second cause of action, for an award of use and occupancy pursuant to Real Property Law § 220, to the extent of awarding the plaintiff the value of use and occupancy pursuant to Real Property Law § 220 at a rate of $2,490 per month from October 1, 2010, to November 29, 2022. The parties stipulated that the defendants have [*3]occupied the apartment since August 1, 2005, that the original lease term ended on July 31, 2006, and that the defendants have not paid rent or use and occupancy since July 31, 2006. The record reflects that the plaintiff produced a standard form apartment lease with a New York City lease rider for rent-stabilized tenants and other riders and notices, that the DHCR rendered a determination dated March 19, 2021, setting the legal regulated rent at $2,490 per month, and that the parties stipulated that the plaintiff registered the apartment with the DHCR in 2021 as rent stabilized with a legal regulated rent of $2,490 per month. The plaintiff established her prima facie entitlement to judgment as a matter of law on the second cause of action, for an award of use and occupancy pursuant to Real Property Law § 220, from September 29, 2010, and the evidence was sufficient to establish, prima facie, that the reasonable value of use and occupancy was $2,490 per month (see id.; Liberty Equity Restoration Corp. v Pil Soung Park, 129 AD3d 787, 789; Magen David of Union Sq. v 3 W. 16th St., LLC, 89 AD3d 24, 34). However, the plaintiff only sought an award of use and occupancy from October 1, 2010.
In opposition, the defendants failed to raise a triable issue of fact. Accordingly, because the plaintiff only sought an award of use and occupancy from October 1, 2010, the Supreme Court should have granted that branch of the plaintiff's cross-motion which was for summary judgment on the second cause of action to the extent of awarding the plaintiff the value of use and occupancy pursuant to Real Property Law § 220 at a rate of $2,490 per month from October 1, 2010, to November 29, 2022.
"To demonstrate entitlement to judgment on a cause of action for ejectment, a plaintiff must establish '(1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate'" (City of New York v Anton, 169 AD3d 999, 1001, quoting RPAI Pelham Manor, LLC v Two Twenty Four Enters., LLC, 144 AD3d 1125, 1126). In an action for ejectment, damages may be recovered for the wrongful withholding of such property, including rents and profits or the value of the use and occupancy of the property (see RPAPL 601; 1537 Assoc. v Temlex Indus., 128 AD2d 384, 385). In the 2011 proceeding, the Housing Court dismissed the plaintiff's petition, determining, inter alia, that the defendants were entitled to a rent-stabilized lease. Inasmuch as the plaintiff failed to allege or submit evidence showing that she served the defendants with a requisite notice to cure or a termination notice under the Rent Stabilization Code (see 9 NYCRR 2524.2[a], [b]; 2524.3[a]; Domen Holding Co. v Aranovich, 1 NY3d 117, 123), the plaintiff failed to establish, prima facie, that she is entitled to immediate possession of the apartment pursuant to the third cause of action, for ejectment, or to recover damages for use and occupancy and for an award of attorneys' fees pursuant to Real Property Actions and Proceedings Law § 601 pursuant to the fourth cause of action (see RPAPL 601; Crawford v Town of Hamburg, 19 AD2d 100, 102).
With respect to the fifth cause of action, for an award of legal fees and costs pursuant to the parties' original lease, such fees and costs are not warranted under the facts and circumstances of this case (see Nestor v McDowell, 81 NY2d 410).
The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross-motion which was pursuant to CPLR 3025(b) for leave to amend the complaint. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (US Bank N.A. v Murillo, 171 AD3d 984, 985 [internal quotation marks omitted]; see Fenton v Floce Holdings, LLC, 229 AD3d 768, 771). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (Bhatara v Kolaj, 222 AD3d at 929 [internal quotation marks omitted]; see Kyung Hee Moon v Owadeyah, 223 AD3d 793, 795). Here, the proposed amendment sought to add a cause of action for a judgment declaring that the lease that the plaintiff produced is compliant with the Rent Stabilization Law but ultimately sought what is tantamount to a mandatory injunction compelling the defendants to execute the lease that the plaintiff produced. "A mandatory injunction, which is used to compel the performance of an act, is an extraordinary and drastic remedy which is rarely granted and then only under unusual circumstances where such relief is essential to maintain the status quo pending trial of the action" (Matos v City of New York, 21 AD3d 936, 937 [citation omitted]; see Shake Shack Fulton St. [*4]Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d 924, 927). The court properly determined, in effect, that the proposed amendment was palpably insufficient or patently devoid of merit (see US Bank N.A. v Murillo, 171 AD3d at 985).
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court