■ CURTIS H. PRINCE, Appellant, v GREAT AMERICAN INSURANCE COMPANY, Respondent.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about December 16, 1991, which granted defendant's cross-motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

" 'It is well settled that stipulations of settlement meet with judicial favor, especially where, as here, the terms are read into the record in open court and the party seeking to vacate the stipulation was represented by competent counsel' " (Zwirn v Zwirn, 153 AD2d 854, 855, quoting Bossom v Bossom, 141 AD2d 794, 795), and the party has enjoyed the benefits of the bargain (Beutel v Beutel, 55 NY2d 957). Relief will be granted only upon a showing of "cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident" (Hallock v State of New York, 64 NY2d 224, 230). Increases in

the cost of medical and personal necessities are insufficient grounds to set aside the settlement agreement herein which has been in effect for 10 years. A stipulation is not unconscionable simply because it may in hindsight not be as favorable as originally anticipated *(Golfinopoulos v Golfinopoulos,* 144 AD2d 537, 538, *lv dismissed* 74 NY2d 793).

Further, as defendant submitted documentary evidence of continued payment of monthly checks, which plaintiff failed to refute, the court properly granted the motion for summary judgment *(Zuckerman v City of New York,* 49 NY2d 557). Concur—Ellerin, J. P., Wallach, Ross, Kassal and Rubin, JJ.