■ STEPHANIE GRAHAM, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [688 NYS2d 591] —In an action

to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated April 9, 1998, which denied its motion for summary judgment dismissing the complaint and to compel the plaintiff, in effect, to comply with the parties' "post mediation agreement" dated August 30, 1995, and restored the action to the trial calendar.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed, and the parties are directed to comply with the "post mediation agreement" dated August 30, 1995.

The Supreme Court erred in setting aside the mediated settlement of this action reached by the parties, which was memorialized in a "post mediation agreement" signed by the parties' respective attorneys, dated August 30, 1995. Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident, will a party be relieved from the consequences of a stipulation made during litigation (*see, Hallock v State of New York,* 64 NY2d 224, 230). The plaintiff failed to make the requisite showing in this case. Accordingly, because the mediated settlement constituted a valid resolution of the plaintiff's claim, the Supreme Court should have granted the defendant's motion.

In light of our determination, we need not address the defendant's remaining contention. S. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.