■ ROBIN TOOKER, Appellant, et al., Plaintiffs, v CLAUDE CASTILLE et al., Defendants, and ALICE B. TOOKER et al., Respondents. RASKIN & KREMINS, L. L. P., Nonparty Respondent. [689 NYS2d 56] —Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered February 9, 1998, which, *inter alia*, granted defendant-respondent's motion to enforce the settlement entered into in open court disposing of all of plaintiff's claims, unanimously affirmed, with costs.

While it is true, as plaintiff argues, that her sisters had to sign releases in order for the stipulation of settlement that she agreed to in open court to take effect, it is clear that the parties intended to be bound by the stipulation at the time it was made, and that getting the sisters, for whom plaintiff was apparently acting, to sign the releases was viewed by all present, particularly the court, as a ministerial act (*cf.*, *Rapp v Briar-*

*cliff Contemporaries*, 190 AD2d 785, *lv dismissed in part and denied in part* 82 NY2d 683). Nor was the settlement invalidated by the minor variations demanded by the sisters, which related only to plaintiff's attorneys' fees, an issue that was later substantially settled, and the way in which the money was to be divided among the sisters, an issue for the Surrogate's Court. It is only plaintiff, who agreed to the settlement in open court, who seeks to vacate same. Plaintiff was not prejudiced by any action of her attorneys, since her position that the settlement is unenforceable was completely untenable. We have considered plaintiff's other arguments and find them to be without merit. Concur—Williams, J. P., Rubin, Mazzarelli, Saxe and Friedman, JJ.