■ EVELYN HAWKINS, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [833 NYS2d 894]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered January 11, 2006, which denied plaintiff's motion to restore the case to the trial calendar, unanimously affirmed, without costs.

Plaintiff implicitly ratified the settlement by making no formal objection for nearly seven months after being told about it (*Clark v Bristol-Myers Squibb & Co.*, 306 AD2d 82, 85 [2003]). Furthermore, the requirements of CPLR 2104 were met when, following the conference and counsel's acceptance of the settlement, the court clerk updated the court card to read "settled before trial" and marked the case "disposed" in the court's records (*Popovic v New York City Health & Hosps. Corp.*, 180 AD2d 493 [1992]).

Despite plaintiff's "rejection" of the City's offer, she is bound by the stipulation of settlement made by counsel in open court even if it exceeded his actual authority (*Hallock v State of New York*, 64 NY2d 224, 228 [1984]). Indeed, plaintiff's counsel exhibited the apparent authority to settle the case, upon which the City relied. As such, "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*id.* at 230). Plaintiff was unable to demonstrate any reason to invalidate the settlement. Concur—Mazzarelli, J.P., Andrias, Saxe, Sweeny and Malone, JJ.