■ SONA SHAH, Appellant, v WILCO SYSTEMS, INC., Respondent. [916 NYS2d 82]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered October 14, 2009, which, insofar as appealed from as limited by the briefs, granted defendant's motion to enforce a settlement agreement to the extent of deeming the agreement binding upon the parties and directing defendant to serve a list of companies affiliated with it using the legal definition of affili-

ated company as provided by 15 USC § 80a-2 (a) (2) and (3) of the Investment Company Act, unanimously affirmed, with costs.

At the close of a private mediation, counsel for the parties executed an agreement which provided, in part, that they had "fully and completely resolved the dispute" and released one another from any and all claims, and that the agreement was "final and binding," and "enforceable in any court of law of general jurisdiction." Plaintiff also agreed to execute a confidentiality agreement and an "agreement not to seek future employment with Wilco and its affiliated companies."

The motion court correctly found that the mediation agreement is a valid settlement agreement, with no basis to invalidate it. It is in writing and executed (*see* CPLR 2104), and the language of the mediation agreement manifests the intent of the parties to be bound by its terms and sets forth all the material terms of the contract (*see Bed Bath & Beyond Inc. v IBEX Constr., LLC*, 52 AD3d 413 [2008]). The fact that it is necessary for the parties to exchange general releases and execute a confidentiality agreement does not render the agreement invalid (*see Tooker v Castille*, 260 AD2d 298 [1999]; *see also Friedman v Garey*, 8 AD3d 129 [2004]).

Furthermore, it was an appropriate exercise of discretion for the court to clarify the term "affiliate" by referencing a statutory definition of that term (*see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91-92 [1991]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Moskowitz, DeGrasse, Freedman and Richter, JJ. **[Prior Case History: 2009 NY Slip Op 32391(U).]**