Matter of Cabrera v Humphrey (2021 NY Slip Op 00358)





Matter of Cabrera v Humphrey


2021 NY Slip Op 00358


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

532247

[*1]In the Matter of Geoff Cabrera, Respondent,
v
Kyle Humphrey, Defendant, and Kaia Humphrey, Appellant.

Calendar Date: January 11, 2021

Before: Lynch, J.P., Clark, Mulvey, Pritzker and Colangelo, JJ.


Legal Services of the Hudson Valley, Goshen (Lucy Turner of counsel), for appellant.
Elissa Y. Killian, Liberty, for respondent.



Mulvey, J.
Appeal from an order of the Supreme Court (Schick, J.), entered October 21, 2020 in Sullivan County, which, in a proceeding pursuant to RPAPL article 7, among other things, granted petitioner's motion to enforce a warrant of eviction.
In December 2019, petitioner orally agreed to rent a residence to respondents on a month-to-month basis, on the condition that respondents would vacate the premises within 30 days of petitioner giving notice that he had secured a purchaser for the residence. On June 15, 2020, petitioner notified respondents of a purchaser, and they agreed to vacate the premises by July 15, 2020. Upon respondents' request, petitioner extended the rental termination date to July 31, 2020 and rent was paid to petitioner throughout that period. Upon further request, petitioner again extended the rental termination date to August 15, 2020 and scheduled a closing for the sale of the residence to occur a few days later. Respondents failed to vacate, causing postponement of the closing.
On August 27, 2020, petitioner commenced a summary eviction proceeding seeking a warrant of eviction to remove respondents from the premises (see RPAPL 711 [1]). At an appearance before Supreme Court on September 17, 2020, the parties, with the assistance of counsel, reached an agreement in which respondents agreed to vacate the premises on or before October 2, 2020. Pursuant to the agreement, the court issued a warrant of eviction, effective October 3, 2020, to be executed if respondents failed to vacate. Respondents remained on the premises and, on October 5, 2020, the Sullivan County Sheriff's Office, in accordance with the warrant, served respondents a 14-day notice indicating that the eviction would take place on October 21, 2020. After counsel for respondent Kaia Humphrey (hereinafter respondent) contacted the County Attorney's office regarding the suspension of evictions via a new executive order issued by Governor Andrew Cuomo, petitioner moved for an order seeking, among other things, enforcement of the parties' agreement to vacate and of the warrant of eviction. Following a virtual appearance on October 20, 2020, Supreme Court granted petitioner's motion and ordered enforcement of the warrant of eviction. Respondent appeals.[FN1]
Supreme Court had subject matter jurisdiction over this holdover summary eviction proceeding. "The order or judgment of a court lacking subject matter jurisdiction is void, and objection to the court's jurisdiction in such a case may be taken at any stage of the action, including on appeal" (Marine Midland Bank v Bowker, 89 AD2d 194, 195-196 [1982] [citations omitted], affd 59 NY2d 739 [1983]; see Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 203 [2013]; see also CPLR 3211 [e]). A court lacks subject matter jurisdiction where "the matter before the court was not the kind of matter on which the court had power to rule" (Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d at 203). The Court [*2]of Appeals has noted that "[a]bsence of competence to entertain an action deprives the court of subject matter jurisdiction; absence of power to reach the merits does not" (Lacks v Lacks, 41 NY2d 71, 75 [1976] [internal quotation marks omitted]).
Pursuant to the NY Constitution, Supreme Court has "original, unlimited and unqualified jurisdiction, [and] is competent to entertain all causes of actions unless its jurisdiction has been specifically proscribed" (Dickerson v Thompson, 73 AD3d 52, 56 [2010] [internal quotation marks, brackets and citations omitted]; see NY Const, art VI, § 7; Lacks v Lacks, 41 NY2d at 75). By statute, a landlord may maintain a special proceeding to remove a tenant who "continues in possession of any portion of the premises after the expiration of his [or her] term, without the permission of the landlord" (RPAPL 711 [1]; see Liberty Equity Restoration Corp. v Pil Soung Park, 129 AD3d 787, 789 [2015]; Matter of Cat Hollow Estates, Inc. v Savoia, 46 AD3d 1293, 1294 [2007]). Through the constitutional grant of broad authority, Supreme Court may entertain such special proceedings to remove tenants (see Matter of Piccione, 57 NY2d 278, 290 [1982]). Although certain executive orders that were issued by the Governor and administrative orders that were issued by the Chief Administrative Judge in response to the COVID-19 global pandemic may have temporarily suspended summary eviction proceedings or limited the ability of courts to take certain steps within them (see e.g. Executive Order [Cuomo] No. 8 [9 NYCRR 8.202.8]; Executive Order [Cuomo] No. 66 [9 NYCRR 8.202.66]; Admin Order of Chief Admin Judge of Cts AO/68/20; Admin Order of Chief Admin Judge of Cts AO/160A/20), those orders did not divest Supreme Court of, or proscribe, its jurisdiction to hear such proceedings (see Dickerson v Thompson, 73 AD3d at 56). Thus, Supreme Court had subject matter jurisdiction over this proceeding (see Lacks v Lacks, 41 NY2d at 75).
To the extent that respondent is arguing that Supreme Court, even if it had jurisdiction, lacked the authority to accept the filing of this proceeding as an essential matter, we disagree. On March 22, 2020, the Chief Administrative Judge ordered that courts not accept any filings except in essential matters, which were defined in an exhibit attached to the administrative order (see Admin Order of Chief Admin Judge of Cts AO/78/20). Although the exhibit's category of essential matters in civil or housing courts did not include holdover summary eviction proceedings, the list of essential matters included a catch-all provision, for all courts, covering "any other matter that the court deems essential" (Admin Order of Chief Admin Judge of Cts AO/78/20). Supreme Court accepted this proceeding as an essential matter, presumably based on its indication that the purchasers were now homeless because they had relinquished their former home in anticipation of closing on the property, which closing was delayed only by [*3]respondents' refusal to vacate the premises. We will not disturb the court's exercise of its discretion to deem this an essential matter.
Nevertheless, Supreme Court erred in ordering enforcement of the warrant of eviction. Parties are generally bound by their freely-negotiated stipulations (see Halstead v Fournia, 160 AD3d 1178, 1180 [2018]); respondent is not arguing otherwise. Respondent, through counsel, asserted before Supreme Court that she was not trying to disturb the valid settlement agreement or "modify the validly signed [w]arrant of [e]viction," and that the only issue was whether the warrant could be enforced under the law at that time. Essentially, respondent argues that, despite having agreed on September 17, 2020 to vacate the premises by October 2, 2020 or be subject to a warrant of eviction, changes in the law prior to the October 20, 2020 appearance prohibited the court from enforcing the warrant. None of the recent executive orders or administrative orders placing limits on evictions differentiates the outcome based on how the warrant of eviction was obtained (i.e., after a contested trial, by default or by agreement). Hence, we must look at the recent changes in the law to see if they barred Supreme Court from ordering enforcement of the warrant.
With regard to the financial hardship defense, the Tenant Safe Harbor Act (hereinafter TSHA) provides, in relevant part, that "[n]o court shall issue a warrant of eviction or judgment of possession against a residential tenant or other lawful occupant that has suffered a financial hardship during the COVID-19 covered period for the non-payment of rent that accrues or becomes due during the COVID-19 covered period" (L 2020, ch 127, § 2). For purposes of the TSHA, "COVID-19 covered period" means from March 7, 2020 until the pandemic-related restrictions are lifted (L 2020, ch 127, § 1). The legislation explicitly permits a tenant to raise financial hardship during the relevant time period as a defense in an RPAPL article 7 proceeding (see L 2020, ch 127, § 2). The statute, which was enacted in June 2020, is limited to summary eviction proceedings based on nonpayment and does not apply to holdover proceedings (compare RPAPL 711 [1], with RPAPL 711 [2]).
Apparently to address that disparate treatment of eviction proceedings and to provide greater relief to tenants, Executive Order No. 202.66 modified the TSHA "to the extent necessary to prevent, for any residential tenant suffering financial hardship during the COVID-19 state disaster emergency declared by Executive Order [No.] 202, the execution or enforcement of such judgment or warrant, including those cases where a judgment or warrant of eviction for a residential property was granted prior to March 7, 2020, through January 1, 2021" (Executive Order [Cuomo] No. 202.66 [9 NYCRR 8.202.66]; see Executive Order [Cuomo] No. 202.71 [9 NYCRR 8.202.71]; Executive Order [Cuomo] No. 202.78 [9 NYCRR 8.202.78]). Therefore, when the [*4]Governor signed that order on September 29, 2020, he created a new defense in holdover eviction proceedings if the tenant "suffered a financial hardship during the COVID-19 covered period" (L 2020, ch 127, § 2). Although Supreme Court repeatedly stated that respondent had not claimed a financial hardship prior to or at the September 17, 2020 appearance that resulted in the parties' stipulation, respondent's counsel asserted that no such defense had existed at that time. Respondent cannot be faulted for failing to raise a defense before it was legally recognized. Prior to the appearance on October 20, 2020, respondent filed an affidavit asserting that she has experienced financial hardship during the COVID-19 period and provided some factual basis for that assertion. The court questioned respondent's good faith in asserting this defense and made statements about respondents' comments during prior court appearances, indicating that respondents had no financial difficulties. However, no evidentiary hearing or trial was ever conducted in this case, so the only sworn statement by someone with first-hand knowledge was respondent's affidavit. Supreme Court may be able to find that respondents did not suffer any financial hardship, but it was improper to dismiss this defense without taking any testimony or other evidence on that issue.[FN2]
Moreover, as relevant here, Executive Order No. 202.8 — issued March 20, 2020 — declared that "[t]here shall be no enforcement of . . . an eviction of any tenant . . . for a period of [90] days" (Executive Order [Cuomo] No. 202.8 [9 NYCRR 8.202.8]). Executive Order Nos. 202.55 and 202.55.1 extended the stay on enforcements through September 4, 2020 (see Executive Order [Cuomo] No. 202.55 [9 NYCRR 8.202.55]; Executive Order [Cuomo] No. 202.55.1 [9 NYCRR 8.202.55.1]), which included the time when petitioner commenced this proceeding. On September 4, an order extended the stay until October 4, 2020 (see Executive Order [Cuomo] No. 202.60 [9 NYCRR 9.202.60]) and, on October 4, 2020, Executive Order No. 202.67 "continue[d] the suspensions and modifications of law, and any directives not superseded by a subsequent directive . . . through November 3, 2020" (Executive Order [Cuomo] No. 202.67 [9 NYCRR 8.202.67]). Because these executive orders prohibit enforcement of residential evictions, without any exceptions for holdover proceedings or warrants issued based on stipulations, Supreme Court was precluded from ordering enforcement of the warrant to evict respondents. Further executive orders have extended the stay on enforcements to December 3, 2020 (see Executive Order [Cuomo] No. 202.72 [9 NYCRR 8.202.72]), then to January 1, 2021 (see Executive Order [Cuomo] No. 202.79 [9 NYCRR 8.202.79]).
Furthermore, on December 28, 2020, the Legislature passed, and the Governor signed, the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 (see L 2020, ch 381). That act, which was effective immediately (see L 2020[*5], ch 381, part A, § 13), allows tenants to file a hardship declaration, which will prevent an eviction until at least May 1, 2021 (see L 2020, ch 381, part A, §§ 4, 8). The Legislature further provided that "[a]ny eviction proceeding pending on the effective date of this act . . . shall be stayed for at least sixty days, or to such later date that the chief administrative judge shall determine is necessary to ensure that courts are prepared to conduct proceedings in compliance with this act and to give tenants an opportunity to submit the hardship declaration pursuant to this act" (L 2020, ch 381, part A, § 2). The act applies even to proceedings in which a warrant of eviction has already been issued (see L 2020, ch 381, part A, § 8). Thus, according to this newly-enacted statute, the current eviction proceeding is stayed and the warrant may not be enforced.
Lynch, J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and the warrant of eviction is stayed, per L 2020, ch 381, part A, § 2, until February 26, 2021, or as further extended by statute or executive order.



Footnotes

Footnote 1: This Court granted a stay of enforcement of the warrant pending the resolution of this appeal.

Footnote 2: As discussed below, a recent statute has altered the process of evaluating this defense, at least for the short term. Pursuant to that statute, tenants need only file a hardship declaration under penalty of perjury (without a requirement to submit any proof); the filing of such a form will prevent an eviction until at least May 1, 2021 (see L 2020, ch 381, part A, §§ 4, 8).