Cenpark Realty, LLC v Gurin (2022 NY Slip Op 02335)

Cenpark Realty, LLC v Gurin

2022 NY Slip Op 02335

Decided on April 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 07, 2022

Before: Manzanet-Daniels, J.P., Kern, Gesmer, Oing, Rodriguez, JJ. 

Index No. 105170/11 Appeal No. 1568 Case No. 2021-03060 

[*1]Cenpark Realty, LLC, Plaintiff-Respondent,
v
Ellie Gurin, Defendant, Adina Marmelstein, Defendant-Appellant.

Solomon Zabrowsky, New York, for appellant.
The Abramson Law Group, PLLC, New York (Mitchell Shenkman of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Alexander M. Tisch, J.), entered July 19, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for a judgment of possession and warrant of eviction under the parties' so-ordered stipulation, unanimously affirmed, without costs, and all stays lifted.
"A stipulation is generally binding on parties that have legal capacity to negotiate, do in fact freely negotiate their agreement and either reduce their stipulation to a properly subscribed writing or enter the stipulation orally on the record in open court" (McCoy v Feinman, 99 NY2d 295, 302 [2002]). Here, the parties' so-ordered stipulation meets these criteria, as the record reflects that the stipulation was negotiated in open court with both sides represented by counsel. To the extent defendant Marmelstein (defendant) maintains that plaintiff failed to show her apartments that complied with the terms of the stipulation, the record shows that she in fact saw four apartments as required under the stipulation over the course of 16 months (see Hawkins v City of New York, 40 AD3d 327 [1st Dept 2007]). This supports the motion court's determination that plaintiff fulfilled its obligations under the stipulation, which then required defendant to accept one of the four apartments and vacate her apartment, which she failed to do.
Contrary to defendant's contention, a "best efforts" clause is not vague or ambiguous so as to warrant setting aside the stipulation (see e.g. Van Valkenburgh, Nooger & Neville v Hayden Publ. Co., 30 NY2d 34, 45 [1972]; Timberline Dev. v Kronman, 263 AD2d 175, 178 [1st Dept 2000]). With respect to plaintiff's exercise of its best efforts to find defendant an apartment with comparable lighting to her current apartment, defendant failed to raise a question of fact requiring a hearing, as the stipulation itself states that lighting could not be the basis for rejecting any of the apartments shown to her. Although defendant contends that the stipulation's lack of a deadline was ambiguous or would allow her to accept one of the proffered apartments now, "[w]hen a contract does not specify time of performance, the law implies a reasonable time," to be determined by the relevant facts and circumstances (Savasta v 470 Newport Assoc., 82 NY2d 763, 765 [1993]). Here, the parties' and their attorneys' communications and interactions during the 16-month period when plaintiff showed defendant four apartments render the period prior to plaintiff's filing of their motion reasonable, and in any event, defendant does not state what apartment she would have accepted.
Although defendant raises the enforceability of the judgment under the COVID-19 eviction moratorium (L 2021, ch 417), we note that the executive and administrative orders issued in response to the COVID-19 global pandemic "did not divest Supreme Court of, or proscribe, its jurisdiction to hear such proceedings" (Matter of Cabrera [*2]v Humphrey, 192 AD3d 227, 230-31 [3d Dept 2021]), and defendant acknowledges that the eviction moratorium expired on January 15, 2022. Accordingly, the order and judgment is affirmed, and all stays are lifted. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 7, 2022