Ebaid v PV Holding Corp. (2022 NY Slip Op 06229)

Ebaid v PV Holding Corp.

2022 NY Slip Op 06229

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2019-12088
 (Index No. 714025/18)

[*1]Emad Ebaid, appellant,
v PV Holding Corp., et al., respondents, et al., defendants.

John J. Ciafone, Astoria, NY, for appellant.
Pillinger Miller Tarallo, Elmsford, NY (Patrice M. Coleman of counsel), for respondents PV Holding Corp. and Avis Budget Group, Inc., and for defendants Zipcar, Inc., Zipcar New York, Inc., Zipcar Vehicle Financing, LLC, and Haoquan Zhao.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Laurence L. Love, J.), entered September 16, 2019. The order, insofar as appealed from, granted the motion of the defendants PV Holding Corp. and Avis Budget Group, Inc., pursuant to CPLR 2104 to enforce a settlement agreement.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident that occurred on October 28, 2016. Thereafter, attorneys for both the plaintiff and the defendants participated in mediation. At the close of the mediation, both attorneys executed a post-mediation agreement (hereinafter the settlement agreement), providing, in part, that the parties "fully and completely resolved the dispute" and released each other from any and all claims, and that the settlement agreement was "final and binding." After the plaintiff failed to respond to numerous requests to execute additional settlement documents, the defendants PV Holding Corp. and Avis Budget Group, Inc. (hereinafter together the defendants), moved pursuant to CPLR 2104 to enforce the settlement agreement. The Supreme Court granted the motion. We affirm.
A settlement agreement that is not made in open court "is not binding upon a party unless it is in a writing subscribed by him [or her] or his [or her] attorney or reduced to the form of an order and entered" (id.). Here, the settlement agreement complied with the requirements of CPLR 2104, as it was in writing and subscribed to by the attorneys for the parties (see Amerally v Liberty King Produce, Inc., 170 AD3d 637, 637; Shah v Wilco Sys., Inc., 81 AD3d 454, 454).
"Stipulations of settlement are favored by the courts and not lightly cast aside" (Hallock v State of New York, 64 NY2d 224, 230; see Amerally v Liberty King Produce, Inc., 170 AD3d at 637). Only where there is cause sufficient to invalidate a contract, such as fraud or duress, will a party be relieved from the consequences of a stipulation of settlement made during litigation (see Graham v New York City Hous. Auth., 260 AD2d 541, 542; see also Pieter v Polin, 148 AD3d [*2]1191, 1192). Here, the plaintiff failed to make the requisite showing (see Graham v New York City Hous. Auth., 260 AD2d at 542).
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 2104 to enforce the settlement agreement.
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court