Servider v City of New York (2023 NY Slip Op 00174)

Servider v City of New York

2023 NY Slip Op 00174

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Singh, Mendez, Rodriguez, JJ. 

Index No. 160683/14 Appeal No. 17080 Case No. 2021-02401 

[*1]Philip Servider et al., Plaintiffs-Appellants,
v
The City of New York, Defendant-Respondent.

Philip Servider, for Philip Servider and Danielle Servider, appellants pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kevin Osowski of counsel), for respondent.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about May 24, 2021, which denied plaintiffs' motion to vacate a settlement agreement and restore the case to the trial calendar, unanimously affirmed, without costs.
The settlement agreement complied with the requirements of CPLR 2104, as it was in writing and signed by the attorneys for the parties. Furthermore, a settlement agreement signed by an attorney may bind a client even where it exceeds the attorney's actual authority, if the attorney had apparent authority to enter into the agreement (see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Popovic v New York City Health & Hosps. Corp., 180 AD2d 493 [1st Dept 1992]). The record demonstrated that the stipulation was negotiated by plaintiffs' attorney of record for over five years, and from the inception of the case, who signed and certified a note of issue in the case and appeared at the pretrial conferences and settlement discussions. Under those circumstances, plaintiffs' attorney had, at least, apparent authority to enter into the settlement agreement, and it is binding upon plaintiffs (see Hallock, 64 NY2d at 231). Additionally, plaintiff implicitly ratified the settlement agreement by making no formal objection for nearly two years before asserting that the attorney's acceptance was unauthorized (see Hawkins v City of New York, 40 AD3d 327 [1st Dept 2007]).
We further find that plaintiffs were unable to demonstrate that the settlement agreement was the result of fraud, collusion, or mistake (see Hallock, 64 NY2d at 230). A stipulation of settlement is not unconscionable simply because it was not as favorable as anticipated to the plaintiff (see Prince v Great Am. Ins. Co., 186 AD2d 422, 423 [1st Dept 1992]).
We have reviewed plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023