Chang v Guzman (2024 NY Slip Op 51622(U))

[*1]

Chang v Guzman

2024 NY Slip Op 51622(U)

Decided on November 29, 2024

Civil Court Of The City Of New York, Queens County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 29, 2024
Civil Court of the City of New York, Queens County

Powers Chang, Petitioner,

against
Rosa Calderon Guzman, RAUL PEREZ, JOHN DOE, JANE DOE, Respondents.

Index No. L&T 311140/23

Rina Milos, Esq.
Law Offices of Rina Milos
New York, NY
Attorney for petitioner
Jay Hedges, Esq.
The Legal Aid Society 
Kew Gardens, NY 
Attorneys for respondent Rosa Guzman

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent Rosa Guzman's order to show cause to vacate the stipulation of settlement dated October 17, 2023 and the judgment, to interpose an answer, and to permit discovery:
Papers Numbered
Order to Show Cause and All Documents Annexed 1 (NYSCEF #14-29)
Affirmation in Opposition and All Documents Annexed 2 (NYSCEF #30-34)
Upon the foregoing cited papers, the decision and order on respondent's order to show cause is as follows.
PROCEDURAL HISTORY
This summary holdover proceeding based on a Ninety (90) Day Notice of Termination was filed in June 2023. On October 17, 2023, petitioner and respondent Rosa Guzman (hereinafter "respondent") executed a stipulation of settlement, which included a final judgment of possession and the issuance of a warrant of eviction. Execution of the warrant was stayed to March 31, 2024 for respondent to vacate, provided ongoing use and occupancy was paid. All claims for back rent and use and occupancy were severed for a plenary action. The stipulation was so-ordered by Judge Logan J. Schiff after an allocution on October 17, 2023. Petitioner subsequently obtained a default judgment against the remaining respondents after an inquest on [*2]December 15, 2023.
In May 2024, respondent, now represented by counsel, filed an order to show cause to vacate the October 17, 2023 stipulation and the judgment, to interpose an answer, and to permit discovery. Petitioner, through counsel, filed opposition papers, and the court heard argument on May 23, 2024. Decision was reserved upon the conclusion of the argument.
DISCUSSION/CONCLUSION
Respondent first seeks vacatur of the October 17, 2023 stipulation and the judgment issued in accordance with the stipulation. Respondent states in her affirmation in support that she only speaks Spanish and understands almost no English. She further states that on October 17, 2023, the stipulation was not fully read to her, and was explained only in portions by multiple interpreters. Additionally, she states that she did not fully understand the allocution, including the explanation of her right to go to trial. Respondent asserts that she unknowingly waived several defenses, including improper service of the notice of termination and coverage under rent stabilization, resulting from the building having at least six (6) housing accommodations and being built before 1974. Petitioner opposes the motion and argues that the stipulation was the result of extensive negotiations and was understood by respondent at the time of allocution. Petitioner also disputes respondent's claim that the building is subject to de facto rent stabilization.
It is well established that "[s]tipulations of settlement are favored by the courts and not lightly cast aside." Hallock v. State of New York, 64 NY2d 224, 230 [1984]. Generally, "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation[.]" Id. at 230 [citing Matter of Frutiger, 29 NY2d 143, 149-150 [1971]]; Shalimar Leasing, LP v. Medina, 73 Misc 3d 22, 24-25 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]. However, the Court of Appeals has also recognized that a court may vacate a stipulation where it has been entered "inadvertently, inadvisably or improvidently" such that it took the case "out of the due and ordinary course of proceeding in the action, and in so doing may work to [a party's] prejudice." Matter of Frutiger, 29 NY2d at 150; see also Molinelli v. Gouldbourne-Fontan, 70 Misc 3d 139[A], 2021 NY Slip Op 50088[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021].
The court has reviewed the FTR audio recording of the allocution of the October 17, 2023 stipulation by Judge Schiff. An official Spanish language interpreter was present for the entirety of the allocution and all components of the stipulation were explained. Judge Schiff also advised respondent twice that she was foregoing her right to a trial by making the stipulation. Upon reviewing the recording, this court did not perceive that respondent expressed a lack of understanding of the terms of the stipulation. Nevertheless, respondent was unrepresented by counsel at the time of the allocution. While the court finds that the defenses based on lack of proper service of the predicate notice and/or the notice of petition and petition were equitably waived within the context of a bargained-for exchange where respondent obtained 5-plus months to vacate, the defense of rent stabilization coverage cannot be waived (see Rent Stabilization Code (RSC) § 2520.13 (9 NYCRR § 2520.13) ["An agreement by the tenant to waive the benefit of any provision of the RSL [Rent Stabilization Law] or this Code is void[.]"]; Liggett v. Lew Realty LLC, 2024 NY Slip Op 03378, *2 [2024]; Jazilek v. Abart Holdings LLC, 10 NY3d 943, 944 [2008]). 
Respondent's most compelling evidence in support of the de facto rent stabilization [*3]defense consists of four (4) summary eviction petitions brought by petitioner since 2016, each listing different respondents and different portions of the subject premises. These petitions, from Index Nos. L&T 78591/16, 69144/17, 303752/21, and the instant proceeding (311140/23), list 4 discrete units, respectively: "Apt. 2 Fl. (Rear)," "Basement Apt.," "[F]irst floor, rear left unit," and "Second Floor front unit." In addition, respondent annexes an HP petition (Index No. 428/23), listing "Apt. # 1" as the subject premises. Respondent also annexes I-cards for the subject premises to demonstrate that it was constructed prior to 1974.
While the pleadings annexed suggest that there are 5 separate housing accommodations in the subject building, respondent does not credibly describe the existence of at least six (6) units to bring the building under rent stabilization (124 Meserole, LLC v. Recko, 55 Misc 3d 146[A], 2017 NY Slip Op 50686[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Rashid v. Cancel, 9 Misc 3d 150[A], 2005 NY Slip Op 51585[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). Respondent states in her affirmation that she is "certain" that there are at least six dwelling units in her building. The details that follow describe women named Dinora and Gloria, who resided in separate units on the first floor of the building. The names "Dinora Matzar" and "Gloria Soken" appear as parties on the petitions that respondent annexes in support. Respondent also refers to a "couple of men" who she knew to live separately from Dinora and Gloria on the first floor (Guzman Aff., ¶ 11). However, this statement is unduly conclusory to adequately demonstrate a defense based on de facto rent stabilization that would warrant vacatur of the parties' stipulation of settlement (cf. 270 Glenmore Ave., LLC v. Blondet, 55 Misc 3d 133[A], 2017 NY Slip Op 50437[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017] [Vacating a pro se stipulation where the respondent made a "prima facie showing" that the subject building was rent stabilized as a result of it having 6 residential units.]). While petitioner's statement in the petition that the subject building contains fewer than 5 units is belied by respondent's proof, the court does not find that this misstatement is materially significant in the absence of a credible showing that there are, or have existed, at least 6 units in the building after 1974.
Accordingly, the court does not find that respondent has set forth an adequate basis to vacate the parties' October 17, 2023 stipulation of settlement or the judgment of possession (Hallock, 64 NY2d at 230; Graham v. New York City Hous. Auth., 260 AD2d 541, 542 [2d Dept 1999]). Respondent's motion is denied to the extent that it seeks vacatur of the stipulation and judgment. As the court declines to vacate the stipulation and judgment, respondent's requests to interpose an answer and to permit discovery are denied as moot (see CPLR § 411; Israel v. DA Auto Repairs Corp., 57 Misc 3d 158[A], 2017 NY Slip Op 51667[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017] ["[A] special proceeding should terminate in a judgment[.]"]).
In the interest of justice, the court will stay execution of the warrant of eviction to December 26, 2024 for respondent and her family to vacate with dignity. Upon default, petitioner may execute upon the warrant after service of a marshal's notice (see RPAPL § 749(2)). This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: November 29, 2024
Queens, New York
HON. CLINTON J. GUTHRIE, J.H.C