Global Merchant Cash, Inc. v Tammy Tran Attorneys at Law, LLP (2025 NY Slip Op 00044)

Global Merchant Cash, Inc. v Tammy Tran Attorneys at Law, LLP

2025 NY Slip Op 00044

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. 155239/22 Appeal No. 3429-3430 Case No. 2024-01717, 2024-01813 

[*1]Global Merchant Cash, Inc., Plaintiff-Respondent,
v
Tammy Tran Attorneys At Law, LLP Also Known as Tammy Tran Law Firm, et al., Defendants-Appellants.

Warner & Scheuerman, New York (Jonathon D. Warner of counsel), for appellants.
Carter Ledyard & Milburn LLP, New York (Jacob H. Nemon of counsel), for respondent.

Judgment, Supreme Court, New York County (Suzanne Adams, J.), entered February 6, 2024, in plaintiff's favor against defendants in the sum of $273,509.57, and bringing up for review an order, same court and Justice, entered on or about December 19, 2023, which granted plaintiff's motion to enforce a stipulation of settlement, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The stipulation complied with the requirements of CPLR 2104, as it was in writing and subscribed by the attorneys for both parties. Although defendants did not sign the stipulation, the record shows that defendants' attorney had, at least, apparent authority to enter into the stipulation of settlement (see Servider v City of New York, 212 AD3d 475, 476 [1st Dept 2023]).
The record establishes that the parties' counsel were negotiating the terms of the stipulation for almost a year preceding its execution by counsel, and had circulated a final draft apparently approved by defendants. Moreover, the stipulation was signed prior to a court appearance on plaintiff's motion to enter a default judgment, which was subsequently adjourned in view of the executed stipulation. Defendants' counsel does not deny that he represented that he had authority to execute the stipulation on their behalf, nor do defendants' offer any evidence that he lacked authority (see Pruss v Infiniti of Manhattan, Inc., 180 AD3d 163, 168, 169 [1st Dept 2020], lv dismissed 35 NY3d 1001 [2020]). Emails indicating that plaintiff's counsel sought defendant Tammy Tran's signature after the stipulation was executed by counsel does not compel a different result where defendants did not protest plaintiff's contention that defendants' counsel's signature was sufficient to render the stipulation enforceable. Significantly, none of the emails indicated that the stipulation was still subject to review or that there was not mutual assent to the terms contained therein (see Forcelli v Gelco Corp., 109 AD3d 244, 248 [2d Dept 2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025