Rabii v Bay Parkway Assoc. Holdings, LLC (2025 NY Slip Op 02948)

Rabii v Bay Parkway Assoc. Holdings, LLC

2025 NY Slip Op 02948

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-10110
 (Index No. 501200/19)

[*1]Ahlam Rabii, appellant, 
v
Bay Parkway Associates Holdings, LLC, et al., respondents.

Marzec Law Firm, P.C., Brooklyn, NY (Jerome Noll and Darius A. Marzec of counsel), for appellant.
Manning Gross + Massenburg, New York, NY (Anna Hwang and Tim Bishop of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 13, 2022. The order, insofar as appealed from, granted the defendants' cross-motion pursuant to CPLR 2104 to enforce a settlement agreement.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell in her apartment, which she leased from the defendants. Thereafter, the attorneys for the parties participated in mediation and signed an agreement settling the matter for the sum of $500,000 (hereinafter the settlement agreement). The settlement agreement provided, in part, that the parties "fully and completely resolved the dispute" and released each other from any and all claims, and that the settlement agreement was "final and binding." After the plaintiff failed to respond to numerous requests to execute additional settlement documents, the defendants cross-moved pursuant to CPLR 2104 to enforce the settlement agreement. The Supreme Court granted the cross-motion. The plaintiff appeals.
A settlement agreement that is not made in open court "is not binding upon a party unless it is in a writing subscribed by him [or her] or his [or her] attorney or reduced to the form of an order and entered" (id.; see Ebaid v PV Holding Corp., 210 AD3d 741, 742; Amerally v Liberty King Produce, Inc., 170 AD3d 637, 637-638). Here, the settlement agreement complied with the requirements of CPLR 2104, as it was in writing and subscribed to by the attorneys for the parties (see Ebaid v PV Holding Corp., 210 AD3d at 742; Amerally v Liberty King Produce, Inc., 170 AD3d at 637).
"Stipulations of settlement are favored by the courts and not lightly cast aside" (Hallock v State of New York, 64 NY2d 224, 230; see Amerally v Liberty King Produce, Inc., 170 AD3d at 637). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (Hallock v State of New York, 64 NY2d at 230; see Chae Shin Oh v Jeannot, 160 AD3d [*2]701, 703; Pieter v Polin, 148 AD3d 1191, 1192). Here, the plaintiff failed to make the requisite showing (see Ebaid v PV Holding Corp., 210 AD3d at 742; Chae Shin Oh v Jeannot, 160 AD3d at 703; Sweeney v Sweeney, 71 AD3d 989, 992).
Accordingly, the Supreme Court properly granted the defendants' cross-motion pursuant to CPLR 2104 to enforce the settlement agreement.
The parties' remaining contentions are without merit.
BARROS, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court