Kistoo v Spence (2025 NY Slip Op 05068)

Kistoo v Spence

2025 NY Slip Op 05068

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-08471
 (Index No. 511687/21)

[*1]Peter Kistoo, etc., plaintiff, 
v
Trevor R. Spence, et al., defendants; Paula Marie Richardson, as administrator of the estate of Trevor R. Spence, etc., et al., nonparty-appellants.

Alter & Barbaro, Brooklyn, NY (Bernard Mitchell Alter and Troy J. Lambert of counsel), for nonparty-appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., nonparties Paula Marie Richardson, as administrator of the estate of Trevor R. Spence, and Gladys Van Heyningen, as administrator of the estate of Hilda I. Davis Spence, appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated April 4, 2023. The order, insofar as appealed from, denied those nonparties' motion to enforce a settlement agreement and, in effect, for the issuance of a judgment of possession and a warrant of eviction.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the motion of nonparties Paula Marie Richardson, as administrator of the estate of Trevor R. Spence, and Gladys Van Heyningen, as administrator of the estate of Hilda I. Davis Spence, to enforce a settlement agreement and, in effect, for the issuance of a judgment of possession and a warrant of eviction is granted, and the matter is remitted to the Supreme Court, Kings County, for the issuance of a judgment of possession and a warrant of eviction.
The plaintiff, individually and as parent and natural guardian of his child, commenced this action against the defendants, Trevor R. Spence (hereinafter Trevor), Trevor's estate, and Hilda I. Davis Spence (hereinafter Hilda), alleging that his child sustained personal injuries as a result of exposure to lead-based paint while residing in an apartment in a building owned by the defendants. On November 2, 2022, the plaintiff and an attorney for nonparties Paula Marie Richardson, as administrator of Trevor's estate, and Gladys Van Heyningen, as administrator of Hilda's estate (hereinafter together the administrators), executed an agreement settling the plaintiff's individual claims against the defendants. The settlement agreement, inter alia, required the plaintiff and his family to vacate the subject apartment within 30 days of receiving a payment in the sum of $10,000. The plaintiff agreed "to an Order of Eviction being entered against him" in the Supreme Court if he did not vacate the apartment within 30 days.
In March 2023, the administrators moved to enforce the settlement agreement and, in effect, for the issuance of a judgment of possession and a warrant of eviction, contending that the plaintiff failed to vacate the apartment within 30 days of receiving a payment in the sum of $10,000. The plaintiff did not oppose the motion. In an order dated April 4, 2023, the Supreme Court, among other things, denied the administrators' motion. The administrators appeal.
"Pursuant to CPLR 2104, a settlement agreement is binding upon a party if it is in a writing subscribed either by the party or by his or her attorney" (Martin v Harrington, 139 AD3d 1017, 1018). Such an agreement will be enforced absent a showing of grounds sufficient to invalidate a contract, such as fraud, duress, overreaching, or mistake (see Pascual v Rustic Woods Homeowners Assn., Inc., 230 AD3d 1248, 1250).
Here, the settlement agreement complied with the requirements of CPLR 2104, as it was in writing and subscribed to by the plaintiff and the administrators' attorney (see Ebaid v PV Holding Corp., 210 AD3d 741, 742; Amerally v Liberty King Produce, Inc., 170 AD3d 637, 638). Moreover, the administrators' submissions in support of their motion demonstrated that the plaintiff received a payment in the sum of $10,000 on November 10, 2022, and that he failed to vacate the apartment within 30 days of receiving the payment as required by the settlement agreement.
Since there was no showing of a basis on which to invalidate the settlement agreement, the Supreme Court should have granted the administrators' motion to enforce the settlement agreement and, in effect, for the issuance of a judgment of possession and a warrant of eviction (see Ebaid v PV Holding Corp., 210 AD3d at 742; Cenpark Realty, LLC v Gurin, 204 AD3d 436, 436; see also Matter of Cabrera v Humphrey, 192 AD3d 227, 230).
IANNACCI, J.P., CHRISTOPHER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court