Global Bank v 43 Mott Realty Owner, LLC (2026 NY Slip Op 01125)

Global Bank v 43 Mott Realty Owner, LLC

2026 NY Slip Op 01125

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Index No. 850477/23|Appeal No. 5970|Case No. 2025-04231|

[*1]Global Bank, Plaintiff-Respondent,
v43 Mott Realty Owner, LLC et al., Defendants-Appellants, NewBank, et al., Defendants.

The Lawyer James J. DeCristofaro, P.C., New York (James J. DeCristofaro of counsel), for appellants.
Trop Law Group LLP, Melville (Gail E. Spindler of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, J.), entered on or about June 9, 2025, which denied the motion by defendants 43 Mott Realty Owner, LLC, Tai Cheung Realty, Inc., also known as Tai Cheung Realty Inc., Kevin Ye, Ping Cheung, and Grand Top LLC under CPLR 5015(a) to vacate the judgment of foreclosure and sale, unanimously affirmed, and all stays lifted.
Supreme Court providently denied vacatur of the judgment of foreclosure and sale. Defendants' argument that the judgment should be vacated pursuant to CPLR 5015(a)(1) is unavailing, as the record reflects that defendants, through their counsel, consented to the entry of summary judgment in plaintiff's favor by attorney stipulation dated December 7, 2023.
The court properly declined to set aside the stipulation. Defendants contend that their counsel lacked authority to enter into a stipulation consenting to summary judgment, but "a settlement agreement signed by an attorney may bind a client even where it exceeds the attorney's actual authority, if the attorney had apparent authority to enter into the agreement" (Servider v City of New York, 212 AD3d 475, 476 [1st Dept 2023]). Here, defendants failed to present any evidence that their former counsel, their attorney of record at the time of the stipulation, lacked apparent authority to sign the stipulation on their behalf. He was fully authorized to appear in the action on defendants' behalf and was in regular contact with them at all relevant times. In any event, defendants ratified the terms of the stipulation by failing to object to the stipulation for more than a year (see Pruss v Infiniti of Manhattan, Inc., 180 AD3d 163, 169 [1st Dept 2020], lv dismissed 35 NY3d 1001 [2020]).
There is therefore no basis to vacate the judgment. Defendants alternatively argue that judgment should be vacated in the interests of justice based on the payment they made to plaintiff (see e.g. Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]), which they believed was for the purpose of curing their default, but that issue is unrelated to whether the stipulation is binding(see Servider, 212 AD3d at 476).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026