Reese v City of New York
2026 NY Slip Op 03515
June 4, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Otis Reese, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.

Decided and Entered: June 04, 2026
Index No. 32170/18|Appeal No. 6795|Case No. 2025-06472|
Before: Scarpulla, J.P., Shulman, Higgitt, O'neill Levy, Chan, JJ.

Sim & Associates PLLC, Bayside (Sang J. Sim of counsel), for appellant.
Steven Banks, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for City of New York, Michael Cautillo and Michael Bletcha, respondents.

[*1]
Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about July 14, 2025, which denied plaintiff's motion to vacate a stipulation of settlement, unanimously affirmed, without costs.
Plaintiff failed to demonstrate good cause to vacate the stipulation of settlement (see Hallock v State, 64 NY2d 224, 230 [1984]; Matter of Kanter, 209 AD2d 365, 366 [1st Dept 1994]). Counsel-of-record, Sameer Nath, participated in all settlement conferences and was cloaked with apparent authority if not actual authority to settle the case (see Global Bank v 43 Mott Realty Owner, LLC, 246 AD3d 658, 659 [1st Dept 2026]; Hawkins v City of New York, 40 AD3d 327 [1st Dept 2007]). That Nath, in signing the stipulation on plaintiff's behalf, relied on the representations of plaintiff's former criminal defense attorney, who also participated in the settlement negotiations with plaintiff's knowledge, that plaintiff would settle for $250,000 does not warrant vacatur (see Pruss v Infiniti of Manhattan, Inc., 180 AD3d 163, 168-169 [1st Dept 2020], lv dismissed 35 NY3d 1001 [2020]). Defendants reasonably relied on Nath's authority to sign and plaintiff's former criminal counsel authority to negotiate (see Hawkins v City of New York, 40 AD3d at 327). Moreover, in waiting four months to moved to vacate the stipulation, plaintiff implicitly ratified it (see id.; Matter of Silicone Breast Implant Litig., 306 AD2d 82, 85 [1st Dept 2003]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2026